IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN HAWKINS and UNITED STATES
FILTER CORPORATION,

        Plaintiffs,

vs.                                         CIVIL NO.  03-402 MV/LFG

DEBASISH MUKHOPADHYAY,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Defendant's Production of Documents [Doc. 35]. The Court considered the motion and memorandum in support, Defendant's response and declaration in opposition to the motion to compel, as well as Plaintiffs' reply. Oral argument is not necessary.

### Background

Steven Hawkins ("Hawkins") and United States Filter Corporation ("USFC") filed an action to correct inventorship of United States Patent Nos. 5,925,255 and 6,537,456. Plaintiffs contend that in 1993, Intel hired USFC's predecessor, Ionpure to design a pilot water purification system to treat water for use in a semiconductor manufacturing facility. Hawkins was then working on behalf of Ionpure, and Plaintiffs allege that Hawkins designed and installed a reverse osmosis system intended to dissolve salts and low molecular weight ionic and non-ionic compounds from water, and thereafter produce water for Intel's industrial semiconductor process. Sometime after Hawkins designed and installed this system, Plaintiffs allege that Intel hired Debasish Mukhopadhyay ("Mukhopadhyay") as a consultant to assist Hawkins with the pilot project.

In August 1997, without informing Hawkins, Mukhopadhyay filed patent applications, claiming to be both the designer and developer of the pilot water system. He contended in his patent application that the invention was solely his own. In July 1999 and March 2003, the U.S. Patent Office issued patents to Mukhopadhyay as the sole inventor and owner.

The present lawsuit involves Plaintiffs' efforts to correct the inventorship of patents to show Hawkins as a co-inventor. Plaintiffs also seek damages from Mukhopadhyay as a result of his failure to list Hawkins as a co-inventor.

## **Present Motion**

In formal discovery served in October 2003, Plaintiffs sought documents relating to Mukhopadhyay's licensing of the two patents as well as revenues generated by the licensing. They also sought information concerning Mukhopadhyay's prior work at Arrowhead, a water purification company, and information including prior employment and consulting agreements for his work. Specifically, the issues in dispute concern Document Requests 11, 12, 13 and 14.

In <u>Document Request 11</u>, Plaintiffs seek "communications between you and any licensee of the patents-in-suits." In <u>Document Request 12</u>, Plaintiffs request "communications between you and any potential licensee of the patents-in-suit." <u>Document Request 13</u> asks for "payments made under any license to the patents-in-suit." Finally, in <u>Document Request 14</u>, Plaintiffs seek "agreements (written or oral) by which you conferred any rights to the patents-in-suit." (Memorandum in Support, p. 3).

Plaintiffs contend that they are aware of some licenses that were issued by Mukhopadhyay, but which have not been produced in discovery, specifically, licenses with Aquatech International Corporation and Ionics Incorporated.

Plaintiffs also sought information in their October document requests concerning Mukhopadhyay's prior work. In <u>Document Request 3</u>, Plaintiff sought "employment or consulting agreements between you and (1) Arrowhead, (2) Culligan International, (3) BF Goodrich, (4) Intel, and/or (5) U.S. Filter." Also, in <u>Document Request 4</u>, Plaintiff sought "work performed by you at or for (1) Arrowhead, (2) Culligan International, (3) BF Goodrich, (4) Intel, and/or (5) U.S. Filter. (Memorandum in Support, p. 4).

In reference to Document Requests 11, 12, 13 and 14, Plaintiffs argue that because they made a claim for damages, Mukhopadhyay's licensing of the patents as well as revenues generated by the improper licensing are relevant to the damage claims in this case. In support of their position, Plaintiff cite <u>Georgia-Pacific Corp. v. U.S. Plywood Corp.</u>, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)("[t]he royalties received by the patentee for the licensing of the patent in suit" and "the nature and scope of the license" are relevant to the damages determination), *modified* by 446 F.2d 295 (2d Cir.), *cert. denied*, 404 U.S. 870 (1971).

Plaintiffs also argue that license agreements are relevant to the damages an inventor may claim as a result of being omitted from a patent. Plaintiffs argue that Mukhopadhyay's license agreements will reveal past and future value of the patents as well as the scope of the licenses, royalties or lump-sum payments made, and any other consideration such as patent licenses for intellectual property given in exchange of the license. Plaintiffs assert that information of this nature is routinely subject to discovery. <u>Chow v. Univ. of Chicago</u>, 254 F.3d 1347, 1359-60 (Fed. Cir. 2001)(examining license agreements to determine economic state in named inventor's licensing revenue); <u>Applied Med. Res. Corp. v. United States Surgical Corp.</u>, 967 F. Supp. 867 (E.D. Va. 1997)(examining licensing agreements in analysis of inventorship).

Plaintiffs also argue that documents relating to negotiation of the licenses, including offers to licensees, are relevant to the damage determinations and may reveal the amounts which Mukhopadhyay has received or will receive in the future. These documents, Plaintiffs argue, are relevant to Plaintiffs' damage calculation and the kind of information is routinely ordered to be discovered in intellectual property cases. Caliper Techs. Corp. v. Molecular Devices Corp., 213 F.R.D. 555, 561 (N.D. Cal. 2003)(compelling plaintiff to produce patent license agreements and documents relating to any proposed license agreements because such information is relevant to the damages determination).

Plaintiffs also seek documents showing actual revenues generated by Mukhopadhyay's licensing of the patents, including financial reports and records of payments received. In reference to these requests for license information and revenues, Mukhopadhyay claims to have produced documents that are relevant to the requests, and to the extent documents have not been produced, the documents are not relevant, as Mukhopadhyay moved to dismiss Count III of the Amended Complaint (Memorandum in Opposition, p. 3).

Mukhopadhyay also argues that information on damages is irrelevant because "In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell or sell the patented invention with the United States . . . without accounting to the other owners". Section 262 of the Patent Act. Mukhopadhyay argues that this section allows a patentee to freely license to others and to exploit the patents without a co-owner's consent, and, therefore, any income or revenues which Mukhopadhyay has obtained are not relevant to Plaintiffs' lawsuit.

Finally, Mukhopadhyay asserts that his agreements with third parties are subject to privacy agreements and that the non-party companies who are parties to the agreement are resisting Plaintiffs'

4

efforts to subpoena non-party documents.[1] USFC argues that Defendant has "an obligation to inform each of the district courts of these related cases to allow coordination proceedings or other multi-district cases management under 28 U.S.C. § 1407(a)."

The next category of documents Plaintiffs request concerns Mukhopadhyay's prior work information, including consulting agreements between Mukhopadhyay and Arrowhead, Culligan, BF Goodrich, Intel and U.S. Filter, as well as information relating to the work performed at these entities.  Plaintiffs argue that Mukhopadhyay's prior work is relevant on at least three grounds: (1) to his claim that he is the sole inventor of the patents; (2) the information may show contributions of others to the claimed inventions; and (3) because of the likelihood of agreements assigning all inventions conceived while working for other employers, this information may demonstrate that Mukhopadhyay assigned his rights to the claimed inventions to others.

In support of their request to explore the opposing party's relevant background and experience, Plaintiffs cite Shiley, Inc. v. Bentley Labs, Inc., 794 F.2d 1561, 1568 (Fed. Cir. 1986) (discussing the fact that the inventor was a mechanical engineer who had no work experience with blood or blood oxygenators), *cert. denied*, 479 U.S. 1087 (1987); and Stewart-Warner Corp. v. City of Pontiac, Mich., 767 F.2d 1563, 1570 (Fed. Cir. 1985)(discussing trial court's finding that the named inventors were graduate electrical engineers, that several had engineering master's degrees, and that most had several years of experience in the [relevant] fields).

Information concerning one's background and experience may be relevant in determining the likelihood of the individual being the sole inventor.  For example, Plaintiffs argue that it is less likely

---

[1] U.S. Filter is seeking access to the non-party documents in three separate federal districts.  Plaintiffs' efforts to obtain third-party documents are being opposed.

to believe that someone with no significant experience in this field was the sole inventor as opposed to someone with significant experience in the field.

### **Analysis**

Discovery issues in federal court begin with the proposition that discovery is intended to be broad and liberal. Fed. R. Civ. P. 26(b)(1). Indeed, since adoption of the Federal Rules of Civil Procedure, the federal discovery rules are designed in part to "make a trial less a game of blind man's buff [sic] and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986-87 (1958)(*citing* Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385, 388 (1947)). Thus, the Court construes the scope of discovery under Rule 26 to ensure that a litigant's right to discovery is broad and flexible.

Under Rule 26, the parties are entitled to discover any matter, not privileged, relevant to their claims and defenses. Fed. R. Civ. P. 26(b)(1). Here, Plaintiffs are seeking damages from Mukhopadhyay contending that his failure to include Hawkins as a co-inventor on the patents caused Plaintiffs significant financial harm. The money Mukhopadhyay obtained by virtue of licensing use of the patents may be indicative of the damages that Plaintiffs suffered if they are successful in this litigation. As the requested information is relevant to Plaintiffs' damage claims and no claim of privilege has been asserted, the information is discoverable under Rule 26.

Defendant's contention that a co-inventor is entitled to exploit, use and license an invention, without accounting to a co-inventor misses the point. At this stage, no determination has been made on the merits of the litigation. Rather, the parties are only in the process of discovering evidence relevant to the claims and defenses. The information sought in Requests 11-14 is all relevant under Rule 26.

Mukhopadhyay does not argue that the information sought is a trade secret or is otherwise privileged, but, rather, that the information is either not relevant or that acquiring it would be burdensome.  Neither of these objections are well-taken.  The Court determines that the information sought in Plaintiffs' Document Requests 11-14 should be produced.

The fact that Mukhopadhyay may ultimately prevail on the merits is not indicative of whether he can thwart Plaintiffs' efforts to discover the facts that are relevant to this lawsuit.  Nor is the fact that Plaintiffs' efforts to obtain the same information from non-parties in contested proceedings dispositive of this issue.  The information requested from the Defendant is relevant to this lawsuit and is discoverable from this Defendant.

The documents which Plaintiffs seek through this motion are documents that are apparently in Mukhopadhyay's possession or subject to his control.  The fact that these documents may be confidential pursuant to some private agreements between Mukhopadhyay and third parties does not trump Plaintiffs' ability to learn the facts relevant to the parties' claims and defenses, nor can those agreements limit this Court's authority to order Defendant to produce the documents.

Applying the broad and liberal approach to discovery as favored by the local rules, the Court also finds that information sought in requests concerning Defendant's work experience, background, consulting agreements and scope of work performed is relevant.

This is a factual dispute concerning what Hawkins and Mukhopadhyay did, either individually or collectively, in reference to the design and installation of the reverse osmosis water purification system.

Evidence of the backgrounds, prior work experience and nature of prior work performed by Defendant can make a disputed issue of fact more probably true than untrue.  The Court again concludes that the information sought is relevant under Rule 26, not privileged and is therefore

discoverable. Mukhopadhyay failed to convince the Court that the burdens of production outweigh the benefits to Plaintiffs.

Accordingly, the Court determines that Plaintiffs' motion is well-taken and directs that the Mukhopadhyay produce all of the requested documents within twenty days after entry of this order.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge