# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**STEVEN HAWKINS and UNITED STATES**
**FILTER CORP.,**

      **Plaintiffs,**

**vs.**                                                                       **CIV No. 03-0402 JH/LFG**

**DEBASISH MUKHOPADHYAY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Debasish Mukhopadhyay's Motion to Dismiss Under FRCP 12(b)(6), for Improper Venue; Alternatively to Transfer Case to Northern District of California*, filed June 26, 2003 (*Doc. 6*). Having reviewed the motion, memoranda and all relevant authority, the Court being fully advised finds the motion not well-taken and it is, therefore, denied.

### I.    *Background*

Plaintiffs bring this action before the Court pursuant to 35 U.S.C. § 265 to correct the inventorship of United States Patents Numbers 5,925,255 and 6,537,456. Specifically, Plaintiff Hawkins asserts that Defendant Debasish Mukhopadhyay failed to name him as a co-inventor in the patent applications for the patents at issue. Plaintiff Hawkins thus claims that he should be named as a co-inventor on the Patents, and that he should be named as a co-inventor on any pending reissue or continuation-in-part. Plaintiff United States Filter asserts that Defendant Mukhopadhyay also failed

to name it as an assignee on the Patents. Without going into an unnecessary description of the complex details of the patents, it is sufficient at this time to note that the invention of the patents occurred at the Intel Corporation in Rio Rancho, New Mexico. Neither set of Plaintiffs nor Defendant is a resident of New Mexico, however.

## II. *Standard of Review*

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746 (1976). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III. *Discussion*

### A. Venue under 28 U.S.C. § 1391(b)

Pursuant to 28 U.S.C. § 1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial

> part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Defendant asserts that Plaintiffs' choice of venue is improper, as he does not reside in New Mexico and a substantial portion of the events or omissions giving rise to Plaintiffs' claims did not occur in this judicial district within the meaning of Section 1391(b). Plaintiffs' Amended Complaint, however, indicates that both Plaintiff Hawkins and Defendant worked at Intel on the inventions that gave rise to the patents at issue. *Amended Complaint*, filed May 13, 2003, at 5-11 (*Doc. 3*). The Court, therefore, finds that venue in this district is proper under Section 1391(b).

### B.     Transfer Under 28 U.S.C. § 1404(a):

Although venue is proper in the District of New Mexico, this Court may transfer a case if it determines that the movant's proposed district would be more convenient to the parties and witnesses. The statute giving rise to a court's authority to transfer states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Under this section, although venue is proper in the presiding court, the court may transfer the action if the action meets several requirements: (1) the transfer of the action will improve the convenience of the parties and witnesses, (2) it is in the interest of justice; and (3) the proposed transferee district must be one in which the action "might have been brought" originally. 17 James Wm. Moore et. al., Moore's Federal Practice § 111.11. To determine whether the proposed

transferee court is one in which the action "might have been brought," the transferor court must determine that at the time of the initiation of the action: (1) venue would have been proper in the transferee district; (2) the transferee district would have had subject matter jurisdiction over the action; and (3) the transferee district could have exercised personal jurisdiction over the defendants. *Id.*

The party moving to transfer the action under Section 1404(a) bears the burden of establishing that the initial forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir. 1991). Because venue is proper in the initial court, the transferor court has sound discretion whether or not to transfer the action to the proposed district. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Due to the subject matter at issue and Defendant's residency in California, there is little doubt that the Northern District of California is a district in which the action "might have been brought." The question, however, is whether the transfer would improve the convenience of the parties and witnesses in this action and would be in the interest of justice. To make this determination, courts use a "flexible and individualized analysis" for each case. *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 28 (1988). Due to the individualized approach, courts utilize multiple factors when making their determinations. A non-exhaustive list of factors includes: (1) the plaintiff's original choice of forum; (2) where the operative events at issue in the action occurred; (3) the convenience of the parties; (4) the convenience of the witnesses; and (5) conservation of judicial resources. 17 Moore's § 111.13[1][b].

<u>Plaintiffs' Original Choice of Forum</u>

In the Tenth Circuit, a plaintiff's choice of forum is given "considerable weight," *Scheidt*, 956

F.2d at 965, if either the plaintiff resides in the chosen forum or the operative events occurred in that forum. 17 Moore's 111.13[1][c]. In the present case, although none of the parties resides in New Mexico, as stated previously, Plaintiffs' Amended Complaint adequately establishes that the operative events occurred in this district. The Court, therefore, will give considerable weight to Plaintiffs' choice of forum.

### Location of the Operative Events

As discussed above, Plaintiffs have sufficiently demonstrated that the operative events giving rise to this action occurred in New Mexico. *See Cherry v. United States Dept. of Agriculture*, CIV No. 97-1561 (D.N.M. 1997) (granting transfer as the operative events occurred in Colorado).

### Convenience of the Parties

Courts generally find that the most convenient district for a party to litigate is in the district closest to his residence. 17 Moore's § 111.13[1][e]. Yet, if the plaintiff does not reside in his chosen forum, and the defendant seeks transfer to the forum in which he resides, courts generally will find transfer to be appropriate, as the plaintiff will have to travel regardless of the forum. *Id.* In the present case, neither Plaintiffs nor Defendant resides in New Mexico. As such, this fact favors transfer to the Northern District of California.

### Convenience of the witnesses

Arguably the most important factor a court considers is the convenience of the witnesses. *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.,* 844 F.Supp. 1163, 1166 (S.D. Tex. 1994). To determine which forum would be most convenient to the witnesses, courts look to their residence in relation to the location of the filing district as opposed to the proposed district. 17 Moore's, §

111.13[1][f]. Another key component is the distinction between non-party witnesses and party witnesses, as non-party witnesses who do not reside within 100 miles of the presiding court may not be compelled to testify. Fed. R. Civ. P. 45(e). Courts, therefore, give non-party witnesses greater weight than party witnesses.

To further determine the convenience of the witnesses, the party requesting transfer must specifically list the evidence and witnesses on which he intends to rely, including general statements concerning the topic of each witness's testimony. 17 Moore's, § 111.13[1][f]. Such listing is important, as the materiality of the witness's testimony is more important than the number of witnesses. *Id.* In the present case, the Court is unable to determine the materiality of Defendant's witnesses or whether they are party or non-party witnesses, for he merely lists them without reference to their proposed testimony or status. *Debasish Mukhopadhyay's Motion to Dismiss under FRCP 12(b)(6), for Improper Venue; Alternatively to Transfer Case to Northern District of California*, filed June 26, 2003, Ex.___ (*Doc. 6*).

Conservation of Judicial Resources

To determine whether transfer would be proper, a court may look to the conservation of judicial resources. 17 Moore's, § 111.13[1][n]. The present case has been pending in this jurisdiction for over one-year. It would merely increase Plaintiffs' burden and possibly prejudice their case if this Court granted Defendant's request, as it would unnecessarily prolong the action further.

Conclusion

After weighing the above factors, the Court finds that, although venue is proper in both the District of New Mexico and the Northern District of California, the weight of factors suggests that

this district should retain the action. Although Plaintiffs do not reside in New Mexico, the factors favoring retention outweigh Plaintiffs' residence: (1) Plaintiffs properly chose the District of New Mexico as their choice of venue; (2) the operative events occurred in this district; and (3) Defendant failed to precisely set out his witnesses' proposed testimony and their status. The Court thus will not transfer this action under § 1404(a).

### C.   Motion to Dismiss Count III

Defendant appears to contend that because he was under no obligation to inform any co-inventor of his licensing agreements, Plaintiffs cannot claim unjust enrichment. In support of his assertion, Defendant cites 35 U.S.C. § 262, which states:

> In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners.

Defendant, however, fails to support his assertion that, as a matter of law, Plaintiffs cannot recover damages for being wrongly denied co-inventorship (or assignee) status and the fruits thereof.

The law of unjust enrichment in New Mexico mandates that a plaintiff must demonstrate that "(1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Ontiveros Insulation Co. v. Sanchez*, 129 N.M. 200, 203 (N.M. App. 2000). In the present case, Plaintiffs' Amended Complaint sufficiently supports their assertion of unjust enrichment. Specifically, the Amended Complaint alleges that Plaintiff Hawkins is a co-inventor of at least one claim of the patents-in-suit, and that Defendant intentionally or otherwise did not name Plaintiff Hawkins as an inventor. The Amended Complaint further states that

Defendant's failure to name Plaintiff Hawkins as an inventor denied United States Filter a property right to which it was entitled. Finally, the Amended Complaint complains that due to Defendant's failure to properly name Plaintiff Hawkins as a co-inventor, Defendant has been the sole beneficiary of compensation and the rights to future compensation, and thus has been able to unilaterally exploit the patents.

As demonstrated, Plaintiffs' Amended Complaint sufficiently alleges a claim for unjust enrichment. The Federal Circuit has established that plaintiffs may properly bring such a state law claim in an action under 35 U.S.C. § 256 to join an inventor or to correct inventorship. *Chou v. Univ. of Chicago*, 254 F.3d 1347, 1363 (Fed. Cir. 2001) (finding that a state law claim for unjust enrichment may be brought if the plaintiff adequately meets the elements of the claim); *Univ. of Colo. Found., Inc. v. American Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999) (noting that plaintiffs are not required to establish inventorship or ownership under the patent statute in order to state a common law claim for unjust enrichment). Due to Defendant's failure to demonstrate that Plaintiffs cannot support their claim of unjust enrichment, the Court finds Plaintiffs' claim is proper as a matter of law.

### IV.   *Conclusion*

Although venue is proper in both the Northern District of California and in the District of New Mexico, the Court concludes that the parties will be better served and in the interests of justice this district shall retain the action. The Court also finds that Defendant failed to demonstrate that as a matter of law Plaintiffs' claim for unjust enrichment should be denied.

Wherefore,

IT IS ORDERED that *Debasish Mukhopadhyay's Motion to Dismiss Under FRCP 12(b)(6), for Improper Venue; Alternatively to Transfer Case to Northern District of California*, filed June 26, 2003 (*Doc. 6*) is DENIED.

Dated July 26, 2004.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE